MAESTRI v. MAILHOS

---

(October 21, 1929. Opinion and Decree.)

---

Sidney F. Gautier, of New Orleans, attorney for defendant.

Julius Howard Wiener and Sidney G. Roos, of New Orleans, attorneys for defendant in warranty.

JANVIER, J. B. Puissegur, desiring to dispose of certain dairy cattle and dairy equipment, employed an auctioneer, Schiro by name, to conduct the sale. At the sale on April 30, 1925, eight of the cows were purchased by the defendant Mailhos, who, in payment, gave his note for the sum of $432, payable October 30, 1925. This note was not paid at maturity. In the meantime, the note had been transferred by Puissegur to the present plaintiff, N. Maestri, who brings this suit on the said note.

It was originally alleged in defense that the present plaintiff was not the holder in due course, but had merely been interposed for the purpose of filing the suit, so that certain equities which had existed as between Puissegur and Mailhos could not be set up in defense.

Defendant also called B. Puissegur in warranty, contending that four of the cows which he had purchased were suffering with tuberculosis and had to be slaughtered.

On the main demand, judgment was rendered in favor of plaintiff. On the call in warranty, judgment was rendered against defendant in warranty, in the sum of $224.50. No appeal was taken by the main defendant, who has paid the judgment, and the only matter now pending before us is the ·call in warranty.

To this call in warranty, Puissegur has set up a plea of prescription of 48 hours, based on Act No. 106 of 1904, and a prescription of 60 days, based on article 2535 of the Civil Code.

Act No. 106 of 1904 seems to us to have no application. The 48-hour period allowed for inspection applies only to horses, mules, mares, vehicles, and harness, and has no application whatever to cattle.

It is quite evident that four of the cows purchased were suffering from tuberculosis. Tuberculosis is a latent defect and a redhibitory vice, and therefore, under article 2520 of the Civil Code, the sale could have been set aside, had action to that end been brought in time.

The prescription of article 2535, Civil Code, however, in our judgment, prevents recovery on the call in warranty. The sale,· as we have above stated, took place on April 30, 1925, and the action to rescind the sale due to redhibitory vices was not filed until November 23, 1925, when it appeared in the call in warranty.

It is therefore ordered, adjudged, and decreed that the judgment in warranty against B. Puissegur be and it is annulled, avoided, and reversed, and that there now be judgment in favor of defendant in warranty, dismissing the suit of plaintiff in warranty at the cost of plaintiff in warranty.